UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGE WF CA CREEK 2645, LLC, | No.  2:26-cv-01827-DAD-SCR (UD) (PS) |
| Plaintiff, | |
| v. | ORDER *SUA SPONTE* REMANDING CASE TO SACRAMENTO COUNTY SUPERIOR COURT AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |
| TAINY WILSON, | |
| Defendant. | (Doc. No. 2) |

This is an unlawful detainer action brought under California state law by plaintiff Bridge WF CA Creek 2645, LLC.  On May 15, 2026, defendant Tainy Wilson, proceeding *pro se*, removed this case[1] to federal court and filed a motion to proceed *in forma pauperis* in this action. (Doc. Nos. 1, 2.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited

---

[1]  The case number of this action in the Sacramento Superior Court is 26UD000500.  (Doc. No. 1 at 17.)

1

jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

Defendant contends that removal is proper pursuant to 28 U.S.C. § 1443(1). (Doc. No. 1 at 2–3.) "Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution" or civil action. *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970); *see also* 28 U.S.C. § 1443 ("civil actions or criminal prosecutions"). "To justify removal under § 1443, the defendant must invoke [1] 'rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights,' [2] 'assert that the state courts will not enforce th[ose] right[s],' and support that assertion 'by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017)[2] (quoting *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021)). As to the second

---

[2] Citation to unpublished Ninth Circuit opinions throughout this opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

prong, removal might be justified, even in the absence of a discriminatory state enactment, if there is an "'equivalent basis . . . for an equally firm prediction that the defendant would be "denied or cannot enforce" the specified federal rights in the state court.'" *Carter v. Evans*, 601 F. App'x 527, 528 (9th Cir. 2015) (quoting *State of Ga. v. Rachel*, 384 U.S. 780, 804 (1966)).

Regarding the first prong, defendant argues that she has equal racial civil rights under 42 U.S.C. §§ 1982 and 3601. (Doc. No. 1 at 7–9.) Even assuming defendant could satisfy the first prong required to justify removal under § 1443, she fails to satisfy the required showing under the second prong. Defendant argues that the proceedings by which the state court must conduct the unlawful detainer action impede defendant's ability to vindicate her federal rights. (*Id.* at 9–14.) Specifically, she argues that California Code of Civil Procedure § 1161(2), the statutory section governing plaintiff's unlawful detainer action, "contains no element, exception, condition, or carve-out" that permits the state court to inquire into whether the landlord plaintiff acted with racial animus or discriminatory intent. (*Id.* at 9–11.) Defendant also argues that: (1) she cannot obtain punitive damages and injunctive relief in state court because unlawful detainer actions are limited civil actions under California law; and (2) the California state statutory provisions that govern unlawful detainer actions operate to expedite discovery and disposition which prevents defendant from both developing a full evidentiary record to properly assert her federal defenses and obtain a stay pending adjudication of her federal claims. (*Id.* at 12–14.)

None of these arguments establish that defendant will be unable to vindicate her rights in state court. "At a minimum, she—as a tenant—is assured the right to a court hearing and can present a defense to the unlawful detainer action under California law." *3139 Mount Whitney Rd. Tr. v. Toner*, No. 21-cv-1845-MMA-AGS, 2021 WL 5446795, at *4 (S.D. Cal. Nov. 22, 2021); *see also* Cal. Civ. Proc. Code § 1170. More importantly, defendant has simply failed to point to any state statute or constitutional provision purporting to *command* California courts to ignore defendant's rights guaranteed by federal law. For this reason, the court lacks jurisdiction over this action. *Kim v. Card*, No. 22-17020, 2024 WL 2816487, at *1 (9th Cir. June 3, 2024) ("Remand of this [unlawful detainer] action was proper because Card failed to establish that a

/////

3

state statute or constitutional provision purported to command the California state courts to ignore Card's federal rights.").

Accordingly,

1.    This action is REMANDED forthwith to the Sacramento County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction;

2.    Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as having been rendered moot by this order remanding the action to state court; and

3.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **May 18, 2026**                          _____
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE